**XUE QING JIANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2946–ag.

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

Farah Loftus, Law Office of Farah Loftus, Los Angeles, California, for Petitioner.

Donald W. Washington, United States Attorney (Karen J. King, Assistant United States Attorney), Western District of Louisiana, Lafayette, Louisiana, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSEPH M. MCLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Xue Qing Jiang, a native and citizen of the People's Republic of China, seeks review of a May 23, 2006 order of the BIA affirming the March 14, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Qing Jiang,* No. A 96 000 771 (B.I.A. May 23, 2006), *aff'g* No. A 96 000 771 (Immig.Ct.N.Y. Mar. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Overall, substantial and material inconsistencies support the IJ's adverse credibility determination. The IJ accurately observed that Jiang's application, her testimony, and her sister's letter were inconsistent as to how Jiang learned that the police attempted to arrest her in May 2002. The IJ also noted that Jiang stated in her application that she returned home the evening of the attempted arrest, but she testified that she never returned home. Further, the IJ identified inconsistencies between Jiang's testimony that she worked at a glove factory and had no idea how the police learned that she sold Falun Gong books, and her statements at her credible fear interview that she worked at a bookstore and that her employer told the police that she helped him to sell the books. The IJ appropriately refused to credit Jiang's explanations for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Because each of the above inconsistencies involved the crux of Jiang's claim that the police sought to arrest her for selling Falun Gong books at a glove factory in China, they substantiate the IJ's adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

Moreover, the IJ reasonably found that the testimony of Jiang's aunt regarding Jiang's current practice of Falun Gong was of "very limited probative value" because her aunt had no knowledge of Falun Gong and therefore could not corroborate Jiang's claimed fear of future persecution on account of her Falun Gong practice. Jiang's aunt also did not corroborate Jiang's claim that the police had sought to arrest her.

Based on this adverse credibility determination, the IJ properly denied asylum relief. Because the only evidence of a threat to Jiang's life or freedom or a likelihood that she would be tortured depended upon her credibility with respect to her Falun Gong claim, the adverse credibility determination necessarily precludes success on her claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).